Filed 5/15/25  P. v. Hoang CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>HIEU HOANG,<br><br>        Defendant and Appellant. | C101909<br><br>(Super. Ct. No. 17FE008865) |

Defendant Hieu Hoang appeals from the trial court's postjudgment order vacating his hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261.  His counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Hoang was advised by counsel of his right to file a supplemental brief

1

within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and he has not filed a supplemental brief.

Although this is not Hoang's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 233, fn. 6.) Having done so, we find no arguable error that would result in a disposition more favorable to Hoang. The trial court's postjudgment order vacating Hoang's *Franklin* hearing is affirmed.

### BACKGROUND

In 2019, a jury found Hoang guilty of two counts of first degree murder (Pen. Code, § 187, subd. (a)),[1] and found true that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)) as to two individuals. The jury further found true the special circumstance that Hoang committed multiple murders. (§ 190.2, subd. (a)(3).) The trial court sentenced Hoang to life without the possibility of parole for each murder and 25 years to life for each firearm enhancement, though it stayed one of the enhancements. We affirmed the judgment on appeal. (See *People v. Hoang* (Apr. 29, 2021, C089944) [nonpub. opn.].)

In 2023, Hoang moved for a proceeding under *People v. Franklin*, *supra*, 63 Cal.4th 261 to preserve mitigating evidence for use in a future youth offender parole hearing. The trial court initially scheduled a hearing. The People subsequently moved to vacate the hearing, arguing that Hoang was not eligible for a *Franklin* proceeding based on our Supreme Court's recent decision in *People v. Hardin* (2024) 15 Cal.5th 834. The court granted the People's motion and vacated the hearing. Hoang timely appealed.

---

[1] Undesignated statutory references are to the Penal Code.

2

DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postjudgment order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice did not inform the defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postjudgment relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), the same principles may nonetheless apply in the present matter given that this is not Hoang's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this order vacating Hoang's *Franklin* hearing because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record. Having done so, we find no arguable error that would result in a disposition more favorable to Hoang.

3

## DISPOSITION

The trial court's postjudgment order vacating Hoang's *Franklin* hearing is affirmed.

                                        /s/
                              BOULWARE EURIE, J.

We concur:

        /s/
HULL, Acting P. J.

        /s/
KRAUSE, J.

4